THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALAN L. FEUERBACHER AND | § | |
| BILLIE M. FEUERBACHER, | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | CIVIL NO. 4:15-cv-00059 |
| ASSOCIATION AS TRUSTEE FOR | § | |
| ABFC 2006-OPT1 TRUST, ASSET | § | |
| BACKED FUNDING CORPORATION | § | |
| ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2006-OPT1, OCWEN LOAN | § | |
| SERVICING, LLC, | § | |
|     *Defendants*. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants, Wells Fargo Bank, National Association as trustee for ABFC 2006-OPT1 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT1 ("Wells Fargo as Trustee") and Ocwen Loan Servicing, LLC ("Ocwen"), remove this action from the 219th Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, as follows:

### I.    STATE COURT ACTION

1.    Alan L. Feuerbacher and Billie M. Feuerbacher ("Plaintiffs") filed Plaintiff's Original Petition for Declaratory Judgment Against Homestead Property and Contesting Right to Foreclose on Homestead (the "Petition") on January 5, 2015, thereby commencing an action styled *Alan L. Feuerbacher and Billie M. Feuerbacher v. Wells Fargo Bank, National Association as trustee for ABFC 2006-OPT1 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPTA, Ocwen Loan Servicing, LLC*, Cause No. 219-00022-

2015 in the 219th Judicial District Court of Collin County, Texas (the "State Court Action"). Defendants were served on January 9, 2015.

## II.    FACTS ALLEGED AND REMEDIES SOUGHT IN THE PETITION

2.    Plaintiffs allege that the $332,800 home equity loan that Alan L. Feuerbacher obtained on June 5, 2006, did not comply with article XVI, section 50(a)(6)(A) of the Texas Constitution because his spouse, Billie M. Feuerbacher, did not sign the note.  *See* Petition at ¶¶ 15-18.  Based on this contention, Plaintiffs seek a declaration that the loan is void and that they are entitled to a forfeiture of all principal and interest on the loan, including principal and interest they have already paid on the loan.  *See id.* at ¶ 27.

3.    Plaintiffs also allege that Defendants violated various federal and state statutes. for example, Plaintiffs allege that Defendants violated the Fair Credit Reporting Act ("FCRA") by reporting that Plaintiffs owe a non-recourse debt to Defendants and by failing to properly respond to a notice of dispute under 15 U.S.C. § 1681s-2(a).  *See id.* at ¶¶ 30-32.  They also allege that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by failing to include required disclosures in Defendants' communications with Plaintiffs and by representing that Plaintiffs owe Defendants a debt.  *See id.* at ¶¶ 38-41.  Finally, Plaintiffs allege that Defendants violated the Texas Debt Collection Practices Act ("TDCPA") based on the same alleged conduct, and that Plaintiffs are entitled to relief under the Texas Deceptive Trade Practices Act ("DTPA") for the alleged violations of the TDCPA.  *See id.* at ¶¶ 44-45.

4.    Plaintiffs seek actual damages, statutory damages, attorney's fees, costs, and pre- and post-judgment interest in connection with their claims.  *See id.* at 15.

### III.   FEDERAL QUESTION JURISDICTION

4.     Removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441(b) because Plaintiffs' suit involves federal questions.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  Specifically, Plaintiffs assert causes of action under the FCRA and FDCPA.  *See* Petition at ¶¶ 30-32, 38-41.  These statutes provide this Court with original jurisdiction over claims arising under them, regardless of the amount in controversy.  *See* 15 U.S.C. § 1681p (FCRA); 15 U.S.C. § 1692k(d) (FDCPA).  The fact that Plaintiffs also assert causes of action under state law does not negate this Court's federal question jurisdiction based on Plaintiffs' FCRA and FDCPA claims.  *See Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) ("[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal.").

5.     Because the court "has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims, ... even if it dismisses or otherwise disposes of the federal claim or claims."  *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (citing 28 U.S.C. § 1367).  Supplemental jurisdiction may be exercised over all claims that are so related to the claim giving rise to original jurisdiction that they form part of the same case or controversy.  28 U.S.C. § 1367(a).  Here it is clear that the state-law claims and federal claims form part of the same case or controversy because they all arise from Plaintiffs' common underlying allegations that the loan is void and that Defendants violated the FCRA and FDCPA.

6.     Because Plaintiffs have alleged violations of and seek recovery under federal statutes, this Court has federal question subject matter jurisdiction, and removal is proper.

## IV.    DIVERSITY JURISDICTION

7.    In addition to federal-question jurisdiction, this court also has diversity jurisdiction.  Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, an action may be removed to federal court.  28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiffs are citizens of Texas and Defendants are citizens of states other than Texas.  As set forth below, the amount in controversy requirement is also satisfied.

### A.    Diversity of Citizenship

8.    Plaintiffs are natural persons so their citizenship for diversity purposes is determined by where they are domiciled.  *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  They are domiciled where they have a fixed residence with the intent to remain there indefinitely.  *Id.*  Plaintiffs allege that they are residents of Collin County, Texas.  Petition at ¶ 4.  Thus, Plaintiffs are citizens of Texas for diversity purposes.

9.    As trustee for ABFC 2006-OPT1 Trust, Asset Backed Funding Corporation Asset-Backed Certificates, Series 2006-OPT1, Wells Fargo Bank, National Association's citizenship controls for diversity purposes.  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464-65 (1980).  As a national banking association, Wells Fargo's citizenship is determined solely by the location of its main office, as designated in its articles of association.  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006); 28 U.S.C. § 1348.  Wells Fargo's main office, as designated in its articles of association, is in South Dakota.  Thus, Wells Fargo as Trustee is a citizen of South Dakota for diversity purposes.

10.    Ocwen is a limited liability corporation, so its citizenship for diversity purposes is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077,

1079-80 (5th Cir. 2008).   Ocwen is wholly-owned by Ocwen Financial Corporation ("Ocwen

Financial").   A corporation is a citizen of the state where it is incorporated and the state where it

has its principal place of business.   28 U.S.C. § 1332(c)(1).   Ocwen Financial is incorporated in

Delaware and has its principal place of business in West Palm Beach, Florida.   Thus, Ocwen is a

citizen of Delaware and Florida for diversity purposes.

11.     Because Defendants are citizens of different states than are Plaintiffs, complete

diversity exists in this matter.   *See* 28 U.S.C. § 1332(a); *Wis. Dep't of Corr. v. Schacht*, 524 U.S.

381, 388 (1998).

**B.     Amount in Controversy**

12.     Where a defendant can show by a preponderance of the evidence that the amount

in controversy is greater than the jurisdictional amount, removal is proper.   *See White v. FCI*

*U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134

F.3d 1250, 1253 n.13 (5th Cir. 1998) ("[t]he test is whether it is more likely than not that the

amount of the claim will exceed [the jurisdictional minimum]").   The defendant can meet its

burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000

or, alternatively, if the defendant introduces other evidence to show that the amount in

controversy more likely than not exceeds $75,000.   *Greenberg*, 134 F.3d at 1253.   "The amount

in controversy is determined from the perspective of the plaintiff, and the proper measure is the

benefit to the plaintiff, not the cost to the defendant."   *Berry v. Chase Home Fin., LLC*, 2009 WL

2868224, at *2 (S.D. Tex. Aug. 27, 2009).   To determine the amount in controversy a court may

consider actual damages, exemplary damages, and attorneys' fees.   *White v. FCI U.S.A., Inc.*,

319 F.3d 672, 675-76 (5th Cir. 2003).

13.     As explained above, Plaintiffs seek, among other things, declaratory relief in the form of having the June 5, 2006 home equity loan declared void and they also seek a declaration that all principal and interest on the loan is forfeited.   "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."   *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).   The principal amount that Plaintiffs seek to have forfeited and declared void is $322,800.  *See* Petition, Ex. B, at § 1.  Thus, the amount in controversy requirement is satisfied.

14.     Because there is complete diversity and the amount in controversy requirement is satisfied, the Court has diversity subject matter jurisdiction in this case, and removal is proper.

## V.     PROCEDURAL REQUIREMENTS

15.     Venue is proper in this Court because the state court where the State Court Action has been pending is located in this district and division.  28 U.S.C. § 1441(a).

16.     Removal of this case is timely because this Notice of Removal is filed within thirty (30) days of January 9, 2015, the date on which Defendants were served.  28 U.S.C. § 1446(b).

17.     All defendants join in this removal, so no other consent is required.

18.     Defendants will promptly give written notice of this Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the clerk of the state court where the State Court Action has been pending.  28 U.S.C. § 1446(d).

19.     A copy of the docket sheet from the State Court Action and a copy of each document filed in the State Court Action are attached hereto as separate attachments.  28 U.S.C. § 1446(a).

## VI.   JURY DEMAND

20.     Plaintiffs demanded a jury trial in the State Court Action.

## VII.   CONCLUSION

WHEREFORE, Defendants remove this action from the 219th Judicial District Court of Collin County, Texas to the United States District Court for the Eastern District of Texas, Sherman Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,


/s/ Daron L. Janis

Robert T. Mowrey
  Texas Bar No. 14607500
  rmowrey@lockelord.com
Arthur E. Anthony
  Texas Bar No. 24001661
  aanthony@lockelord.com
Daron L. Janis
  Texas Bar No. 24060015
  djanis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas  75201
(214) 740-8000
(214) 740-8800 – Facsimile

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that, on January 27, 2015, a true and correct copy of the foregoing is being served on the following by the method indicated below:

**By CMRRR #71791000164926817540**
James C. Mosser
Nicholas D. Mosser
Andrew Smith
MOSSER LAW PLLC
17110 Dallas Parkway, Suite 290
Dallas, Texas  75248
COUNSEL FOR PLAINTIFFS


_/s/ Daron L. Janis_____
Daron L. Janis