# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ALAN L. FEUERBACHER and | § | |
| BILLIE M. FEUERBACHER | § | |
| | § | CIVIL ACTION NO. 4:15CV59 |
| V. | § | Judge Mazzant |
| | § | |
| WELLS FARGO BANK, NATIONAL | § | |
| ASSOCIATION AS TRUSTEE FOR | § | |
| ABFC 2006-OPT1 TRUST, ASSET | § | |
| BACKED FUNDING CORPORATION | § | |
| ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2006-OPT1, OCWEN LOAN | § | |
| SERVICING, LLC, SAND CANYON | § | |
| CORPORATION | § | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint to Add New Claims and Join Non-Diverse Parties (Dkt. #65). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

On March 4, 2015, following removal from the 219th Judicial District Court of Collin County, Texas, Plaintiffs filed their First Amended Complaint (Dkt. #6) pursuant to the Court's "Order and Advisory" (Dkt. #5). Plaintiff's First Amended Complaint joined Defendants Sand Canyon Corporation, FNF Lawyers Title of DFW, Inc. ("FNF"), and the fictitious party "Notary John Doe" (Dkt. #6).

On April 6, 2015, Defendant Sand Canyon Corporation filed its Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6) (Dkt. #13). Plaintiffs responded by filing their Second Amended Complaint (Dkt. #16). Plaintiff's Second Amended Complaint joined Defendant Jill Clay as the party previously identified as "Notary John Doe"

(Dkt. #16).

On June 23, 2015, Plaintiffs filed their Motion and Memorandum in Support of Motion to Remand (Dkt. #55). On August 25, 2015, the Court denied Plaintiffs' Motion to Remand, and dismissed non-diverse defendants FNF and Jill Clay (Dkt. #63).

On September 8, 2015, Plaintiffs filed their Motion for Leave to Amend Complaint to Add New Claims and Join Non-Diverse Parties (Dkt. #65). Plaintiffs, in the alternative, also filed their Motion for Leave to Amend Complaint to Add New Claims (Dkt. #66). Plaintiffs contend their motion to join non-diverse defendants FNF and Jill Clay is not for the purpose of defeating federal jurisdiction (Dkt. #65 at p. 5).

Plaintiffs contend that "FNF's fraudulent representation concerning the location of the closing of the Note is directly material to Plaintiffs' claims that the extension of credit, the Note, violated the Texas Constitution's homestead provision" (Dkt. #65 at p. 4; *see* TEX. CONST. ART. XVI § 50(a)(6)(N)) ("The homestead . . . shall be, and is hereby protected from forced sale, for the payment of all debts except for an extension of credit that is closed only at the office of the lender, an attorney at law, or a title company"). Further, Plaintiffs contend Jill Clay "fraudulently represented that Plaintiff Alan L. Feuerbacher signed the 'Acknowledgment of Fair Market Value' in her presence, and was properly acknowledged" (Dkt. #65 at p. 4). This representation is material to Plaintiffs' violation of the Texas homestead provision claims (Dkt. #65 at p. 4).

On September 21, 2015, Defendants responded to Plaintiffs' Motions for Leave to Amend their Complaint (Dkt. #69). On October 1, 2015, Plaintiffs filed their reply (Dkt. #72). On October 5, 2015, the Court granted the Motion for Leave to Amend Complaint to Add New Claims (Dkt. #73). The Court turns now to Plaintiffs' motion to add non-diverse parties (Dkt. #65).

## LEGAL STANDARD

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Federal Rule of Civil Procedure 16(b), states that a schedule may be modified for "good cause." *Id.* In addition, Federal Rule of Civil Procedure 6(b) also states that if a request is made to extend time after the original time has already expired, the court may "for good cause, extend the time . . . if the party failed to act because of excusable neglect." The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003). To establish "good cause" a party must show that it "could not have met the deadline despite its diligence" along with satisfaction of the four-part test. *S&W Enters.*, 315 F.3d at 536-38.

"A court must scrutinize an amendment that would add a non-diverse party more closely than an ordinary amendment under Rule 15(a)." *Short v. Ford Motor Co.*, 21 F.3d 1107, No. 93-8626, 1994 WL 171416, at *5 (5th Cir. Apr. 19, 1994). 28 U.S.C. § 1447(e) provides as follows: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "'[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action.'" *Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996). "When an amendment would destroy jurisdiction, most authorities agree that leave should be denied unless there exist strong

3

equities in its favor." *Id.*; *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

In deciding whether to allow a post-removal joinder, the Court should examine the facts set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179. In *Hensgens*, the Fifth Circuit stated that in balancing the original defendant's interest in maintaining the federal forum against the competing interest in avoiding multiple and parallel litigation, the Court should consider the following: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.* at 1182; *In re Norplant Contraceptive Products Liab. Litig.*, 898 F. Supp. 429, 431 (E.D. Tex. 1995). The balancing of these interests does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Hensgens*, 833 F.2d at 1182.

## **ANALYSIS**

The first *Hensgens* factor – whether Plaintiffs' primary purpose in seeking to amend is to defeat diversity jurisdiction – weighs in favor of denying the motion. "When courts analyze the first *Hensgens* factor, they consider 'whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed.'" *Tomlinson v. Allstate Indem. Co.*, No. Civ. A. 06-0617, 2006 WL 1331541, at *3 (E.D. La. May 12, 2006) (citation omitted); *see Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *3 (S.D. Tex. Jan. 5, 2004). Plaintiffs contend the purpose of their amendment to join non-diverse parties is not to defeat federal jurisdiction, but instead to "[e]nsure that Plaintiffs are afforded full and fair relief, in the most convenient avenue possible, [and in] a single proceeding" because the claims against FNF and Clay are related to the origination of Plaintiffs' extension of credit under

TEX. CONST. ART. XVI § 50(a)(6) (Dkt. #65 at p. 5; Dkt. #72 at ¶6, ¶7). Defendant asserts there is no purpose other than to defeat federal jurisdiction, because "[t]here is no indication that Defendants would be unable to satisfy a judgment" (Dkt. #69 at p. 3). It appears to the Court that Plaintiffs are adding FNF and Clay simply to defeat the Court's jurisdiction. Plaintiffs should have known of the existence of FNF and Clay at the time the state court petition was filed.

The second *Hensgens* factor is whether the plaintiff was dilatory in seeking leave to amend. Although courts generally find that a plaintiff "is not dilatory in seeking to amend a complaint 'when no trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred,'" the analysis is different when the proposed amendment is to add non-diverse defendants shortly after removal based on federal diversity jurisdiction. *Smith v. Robin Am., Inc.*, No. 08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009) (citation omitted). In such a circumstance, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." *See Irigoyen*, 2004 WL 398553, at *4; *Phillips v. Delta Airlines, Inc.*, 192 F. Supp. 2d 727, 729 (E.D. Tex. 2001).

Plaintiffs now contend they were not dilatory in joining FNF and Jill Clay (Dkt. #72 at ¶9). This Court found previously that Plaintiffs were dilatory in seeking leave to amend previously because they never requested leave to add a non-diverse defendant (Dkt. #63 at p. 6). This second factor weighs in favor of finding that Plaintiffs were dilatory since they are now seeking leave to amend almost eight months since the Notice of Removal, on January 27, 2015 (*See* Dkt. #1).

In considering the third *Hensgens* factor—whether the Plaintiffs would be prejudiced by denying leave to amend—courts consider whether the already-named diverse defendant would

be unable to satisfy a future judgment. *O'Connor v. Auto. Ins. Co. of Hartford Conn.*, 846 F. Supp. 39, 41 (E.D. Tex. 1994). Some courts analyze whether the possibility of a separate state court proceeding weighs against denying the proposed amendment because of the inefficiency of parallel proceedings, or because such proceedings would place a financial burden on the plaintiffs. See *Bienaime v. Kitzman*, Nos. 00-0284, 00-0473, 2000 WL 381932, at *5 (E.D. La. Apr. 12, 2000); *Schindler v. Charles Schwab & Co.*, No. 05-0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005). There is no indication that Defendants would be unable to satisfy a judgment. The Court can see no prejudice to Plaintiffs in denying leave to amend. Although Plaintiffs could file a separate action against FNF and Clay in state court, based upon the allegations in this case, there would not be a good faith basis to do so against FNF and Clay. Thus, the Court does not see a likelihood of a parallel proceeding, since there are insufficient factual allegations against FNF and Clay. The third *Hensgens* factor weighs slightly in favor of not allowing Plaintiffs to join non-diverse defendants.

The final *Hensgens* factor requires the Court to analyze other equitable factors. Although equitable factors include whether granting leave to amend would deprive a defendant of a properly invoked federal forum, and whether denying leave to amend would result in parallel state court proceedings, these factors are likely to be present whenever a plaintiff in a removed case seeks to add a non-diverse defendant.

Defendant contends that granting leave to join the non-diverse defendants could prevent Plaintiffs and Defendant from completing a second attempt at mediation, as one of the non-diverse parties previously voiced an objection to the mediation (Dkt. #69 at p. 4). Defendant contends this would add to its already high litigation costs (Dkt. #69 at p. 4). Plaintiffs state, and the Court agrees, that if additional parties were joined, Plaintiffs and Defendant could complete

their attempts at mediation while holding a separate mediation with the joined defendants.

Plaintiff argues that, in this matter, Texas State Courts should be given the final say regarding interpretation of the Texas Constitution, specifically the application of the relevant statute of limitations with respect to Plaintiff's claims. If the matter is not remanded, the Court will apply Fifth Circuit precedent regarding the relevant Texas statute of limitations as set forth in *Priester v. JP Morgan Chase N.A.*, 708 F.3d 667, 679 (5th Cir. 2013) (stating that "the Texas Supreme Court considers liens created in violation of Section 50(a)(6) to be voidable rather than void—a 'void' lien could not be 'voided' by future action."). The Fifth Circuit determined that the residual four-year statute of limitations applies to borrowers' causes of action stemming from extensions of credit made in violation of the Texas Constitution's homestead provisions. *Id.* at 674.

Defendant points out that, even if the case were remanded, Texas appellate courts have agreed with the Fifth Circuit's reasoning regarding the statute of limitations in *Priester*. *See Santiago v. Novastar Mortgage, Inc.*, 443 S.W.3d 462 (Tex. App.—Dallas 2014, pet. denied) ("Insofar as the period of limitations exists to preserve evidence and create settled expectations, it would essentially be nullified by allowing parties to wait many years to demand cure."); *see also Williams v. Wachovia Mortgage Corp.*, 407 S.W.3d 391 (Tex. App.—Dallas 2013, pet. filed) ("Because of our conclusion that Kroupa's lawsuit is barred by limitations, we need not address her remaining issues attacking the other two grounds asserted by Wachovia and Williams as a basis for summary judgment."). Thus, the Court agrees that a removal would likely result in the same application of the four-year limitations period. The final *Hensgens* factor weighs slightly in favor of not allowing Plaintiffs to join the non-diverse parties.

## CONCLUSION

Considering the *Hensgens* factors, the Court concludes that the motion for leave to file an amendment was primarily for the purpose of defeating federal jurisdiction; Plaintiffs were dilatory; Plaintiffs will not be prejudiced by denying the amendment; and equitable considerations do not support amendment. The Court finds that leave should not be granted to add the non-diverse parties. FNF and Jill Clay remain dismissed (*see* Dkt. #63).

It is therefore **ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint to Add New Claims and Join Non-Diverse Parties (Dkt. #65) is hereby **DENIED**.

**SIGNED this 1st day of December, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE